Sean Kealii Enos (#023634)
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
kenos@IPlawUSA.com
jjohnson@IPlawUSA.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Gibbens Engineering Group, LLC, an Arizona limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Matrix Arms, LLC, a New Hampshire limited liability company,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gibbens Engineering Group, LLC (hereinafter "Gibbens") hereby complain against defendant Matrix Arms, LLC (hereinafter "Matrix"), and for its causes of action alleges as follows:

**NATURE OF THE ACTION**

1.　This is an action brought by Plaintiff Gibbens against Defendant Matrix for preliminary and permanent injunctive relief and monetary damages to remedy direct infringement by Defendant Matrix of United States Patent Number 9,310,146

(hereinafter the "'146 Patent").  A true and correct copy of the '146 Patent is attached hereto as Exhibit A.

2. Plaintiff Gibbens is the exclusive licensee of all right, title and interest in the '146 Patent, which relates to an upper receiver assembly for a weapon that has a side charging handle, and including the right to enforce the '146 Patent.

3. Defendant Matrix makes, uses, sells, offers for sale, imports into the United States and/or exports at least one product that infringes the '146 Patent.

4. Accordingly, Plaintiff Gibbens seeks monetary and injunctive relief pursuant to its claims arising out of Defendant Matrix's willful and wrongful taking of, making, using, importing, selling and/or offering to sell in the Unites States, Plaintiffs' invention as claimed in the '146 Patent.

## PARTIES

5. Plaintiff Gibbens Engineering Group, LLC is a limited liability company organized and existing under the laws of Arizona with its principal place of business located at 1660 N Rosemont Ste 105, Mesa, AZ  85205.

6. Plaintiff Gibbens designs, markets, and sells firearms and firearm parts and accessories throughout the Unites States.

7. Plaintiff Gibbens is the exclusive licensee of the patent rights on which the claims of relief asserted herein are based.

8. Defendant Matrix Arms, LLC is a limited liability company organized and existing under the laws of New Hampshire with its principal place of business located at 421 River Road, Claremont, NH 03743.

9. Defendant Matrix markets, uses, imports, sells and/or offers for sale firearms and firearm parts and accessories.

10. Defendant Matrix is doing business in the United States and, more particularly, in the District of Arizona, by marketing, making, using, selling, importing, and/or offering for sale vehicle light mount products that infringe the patent claims involved in this action in this District, or by transacting other business in this District.

## JURISDICTION AND VENUE

11. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

12. Defendant Matrix regularly and persistently solicits and conducts business in the District of Arizona.

13. Upon information and belief, the marketing and sale of the accused products sold by Defendant Matrix directly infringes the 146 Patent.

14. Defendant Matrix's actions as described herein have caused, and will continue to cause, tortious injury to Plaintiff Gibbens, a resident of this State, and, if not enjoined, will permit Defendant Matrix to wrongfully derive substantial revenue from its activities within the State of Arizona and the District of Arizona.

15. Upon information and belief, Defendant Matrix derives substantial revenue from activities within the State of Arizona and the District of Arizona, and has

sold a substantial number of products within or for delivery or distribution into this State and District.

16. This Court has personal jurisdiction over Defendant Matrix pursuant to the provisions of the Arizona's long arm statute, Rule 4.2, *Ariz. R. Civ. P.*, and the laws of the United States.

17. Defendant Matrix has established minimum contacts with the State of Arizona.

18. Defendant Matrix directly and/or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products or services that infringe one or more claims of Plaintiff's '146 Patent in the District of Arizona.

19. Defendant Matrix has purposefully and voluntarily sold one or more of its products with the expectation that they will be purchased by consumers in the District of Arizona, and Defendant Matrix's products have been and continue to be purchased by consumers in the District of Arizona.

20. Defendant Matrix has committed acts of patent infringement within the State of Arizona and in the District of Arizona, and has purposefully availed itself of the benefits of the State of Arizona such that the exercise of jurisdiction over Defendant Matrix would not offend traditional notions of fair play and substantial justice.

21. The events giving rise to the claims herein, or a substantial portion thereof, occurred in this District.  Furthermore, Defendant Matrix, a New Hampshire limited liability company, is subject to personal jurisdiction in this judicial district as detailed above.  Therefore, venue is proper under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**U.S. Patent No. 9,310,146**

22.     Plaintiff Gibbens incorporates by reference the preceding paragraphs as if fully set forth herein.

23.     On April 12, 2016, after full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued Letters Patent No. 9,310,146 (hereinafter the "'146 Patent") entitled "UPPER RECEIVER ASSEMBLY FOR A WEAPON."  A true and correct copy of the '146 Patent is attached hereto as Exhibit A.

24.     Plaintiff Gibbens is the exclusive licensee of all right, title and interest in the '146 Patent, which relates to an upper receiver assembly for a weapon that has a side charging handle, and including the right to enforce the '146 Patent.

25.     The '146 Patent is valid and enforceable.

26.     Plaintiff Gibbens sells an upper receiver with a side charging handle that embodies the limitations of one of more claims of the '146 Patent. A photograph of an exemplary product sold by Plaintiff Gibbens is attached hereto as Exhibit B.

**INFRINGER and Its Accused Devices**

27.     Upon information and belief, at least one device made, imported or offered for sale by Defendant Matrix (hereinafter referred to as the "ACCUSED INFRINGING DEVICE") infringes the '146 Patent.

28.     A photograph of the at least one ACCUSED INFRINGING DEVICE is attached as Exhibit C.

29.     Defendant Matrix has neither entered into a license agreement with Plaintiff Gibbens, nor ceased its infringement of the '146 Patent.

30. Defendant's ACCUSED INFRINGING DEVICE competes directly with Plaintiff's products sold under the '146 Patent.

## FIRST CLAIM FOR RELIEF
## (Infringement of U.S. Patent No. 9,310,146)
## [35 U.S.C. § 271]

31. Plaintiff Gibbens incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

32. Upon information and belief, Defendant Matrix has been, and is now, directly infringing the '146 Patent by making, using, selling, offering for sale, importing into the United States and/or exporting its products that practice or embody one or more claims of the '146 Patent. Defendant Matrix's products practice at least claims 1-4 and 6 of the '146 Patent.

33. Upon information and belief, Defendant Matrix is making, using, importing, selling, or offering to sell in the United States the ACCUSED INFRINGING DEVICE identified in Exhibit C, which ACCUSED INFRINGING DEVICE infringes one or more claims of the '146 Patent.

34. As a result of Defendant Matrix's acts of infringement, Plaintiff Gibbens has suffered irreparable harm, and will continue to suffer irreparable harm until and unless Defendant Matrix's infringing activities are enjoined. Harm to Plaintiff Gibbens within this judicial district and elsewhere in the United States resulting from the acts of direct infringement of the '146 Patent by Defendant Matrix, as set forth above, is irreparable, continuing, and not fully compensable by money damages alone.

35. On information and belief, Defendant Matrix has profited and will continue to profit by its wrongful activities.

36. Plaintiff Gibbens has been damaged by Defendant Matrix's infringing activities and will continue to be damaged by these activities, causing irreparable injury and damage to Plaintiff Gibbens, for which there is no adequate remedy of law, unless restrained and enjoined by this Court.

37. Plaintiff Gibbens is entitled to recover from Defendant Matrix the damages sustained by Plaintiff Gibbens adequate to compensate for the infringement, together with interest and costs, as a result of Defendant Matrix's wrongful acts in an amount subject to proof at trial.

38. The amount of monetary damages which Plaintiff Gibbens has suffered as a result of the acts of Defendant Matrix as set forth above cannot be determined without an accounting.

**DEMAND FOR JURY TRIAL**

39. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gibbens demands judgment against Defendant Matrix as follows:

1. A judgment that Defendant has directly infringed the '146 Patent;

2. A judgment and order that Defendant, and any of its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors and assigns, and those persons acting in concert, participation, privity, on behalf of, in joint venture,

or in partnership with Defendant, be enjoined preliminarily, and then permanently, from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the Patents, or otherwise infringing, inducing to infringe, or contributing to the infringement of the Patents;

3. That the Court order an accounting for damages, including Defendant's profits resulting from Defendant's acts of infringement through verdict and thereafter until Defendant is enjoined from further infringing activities;

4. A judgment and order that Plaintiff Gibbens be awarded damages adequate to compensate for the infringement under 35 U.S.C. § 284, including Defendant's profits resulting from Defendant's acts of infringement, Plaintiff's lost profits and/or a reasonable royalty, and including supplemental damages for any continuing post-verdict infringement until Defendant is enjoined from further infringing activities;

5. A judgment and order requiring Defendant to pay Plaintiff Gibbens pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '146 Patent by Defendant to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

6. A judgment and order finding that Defendant's infringement is willful and deliberate, entitling Plaintiff Gibbens to treble damages pursuant to 35 U.S.C. § 284;

7. A judgment and order finding this to be an exceptional case and requiring Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

8. In the event an injunction is not awarded, a compulsory ongoing royalty;

9. That Defendants be required to pay to Plaintiff Gibbens such damages as Plaintiff Gibbens has sustained in consequence of Defendant's infringement of the '146 Patent; and

10. That Plaintiff Gibbens be awarded such other and further relief as the Court deems just and equitable.

DATED this 30th day of January, 2017.

          SCHMEISER, OLSEN & WATTS LLP

          By:
          */s/Sean K. Enos*

          Sean K. Enos
          SCHMEISER, OLSEN & WATTS, LLP
          18 E. University Drive, Suite 101
          Mesa, Arizona 85201
          Attorneys for Plaintiff